915 F.2d 1572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MOBILE HOME ESTATES, INC., Respondent.
 No. 89-5265.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1990.
 JUDGMENT
 
 1
 THIS CAUSE came on to be heard upon the application of the National Labor Relations Board for the enforcement of a certain order issued by it against the Respondent, Mobile Home Estates, Inc., Bryan, Ohio, its officers, agents, successors, and assigns, on January 26, 1989. The Court heard argument of respective counsel on July 26, 1990, and has considered the briefs and transcript of record filed in this cause. On August 29, 1990, the Court, being fully advised in the premises, handed down its opinion granting in part and denying in part enforcement of the Board's Order. In conformity therewith, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that Respondent, Mobile Home Estates, Inc., Bryan, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Discharging or otherwise disciplining its employees because they engage in activity on behalf of the International Union, Allied Industrial Workers of America, AFL-CIO, and its Local 712 (hereinafter called the Union).
 
 
 4
 (b) Failing or refusing to furnish information to the Union that is necessary for and relevant to the Union's performance of its grievance handling responsibilities.
 
 
 5
 (c) In any other manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 6
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act.
 
 
 7
 (a) Offer Alan C. Lupien immediate and full reinstatement to his former position or, if that position no longer exists, to a substantially equivalent position, without prejudice to his seniority and other rights and privileges.
 
 
 8
 (b) Make Alan C. Lupien whole for any loss of pay and other benefits suffered by him commencing on February 27, 1984, in the manner set forth in the amended remedy section of the Board's Decision and Order.
 
 
 9
 (c) Remove from its files any reference to the discharge of Alan C. Lupien and the disciplining of Glen Goulding and Faron Hubert and notify them in writing that this has been done and that evidence of their unlawful discipline will not be used as a basis for future personnel action against them.
 
 
 10
 (d) On request, furnish the Union information that is relevant and necessary to its role as exclusive bargaining representative of the unit employees.
 
 
 11
 (e) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 12
 (f) Post at its facility in Bryan, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 8 of the National Labor Relations Board (Cleveland, Ohio), after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 13
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 14
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 15
 APPEALS ENFORCING IN PART AND DENYING IN PART AN
 
 ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 16
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 17
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 18
 To bargain collectively through representatives of their own choice
 
 
 19
 To act together for other mutual aid or protection
 
 
 20
 To choose not to engage in any of these protected concerted activities.
 
 
 21
 WE WILL NOT discharge or otherwise discipline our employees because they engaged in activity on behalf of the Union.
 
 
 22
 WE WILL NOT fail or refuse to furnish to the Union information necessary for and relevant to the Union's performance of grievance handling responsibilities.
 
 
 23
 WE WILL NOT in any other manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by the Act.
 
 
 24
 WE WILL offer Alan C. Lupien immediate and full reinstatement to his former position or, if that position no longer exists, to a substantially equivalent position, without prejudice to his seniority and other rights and privileges.
 
 
 25
 WE WILL remove from our files any reference to the discharge of Alan C. Lupien and remove from our files all references to the written discipline of Glen Goulding and Faron Hubert, notifying them, in writing, that this has been done and that evidence of their unlawful discipline will not be used as a basis for future personnel action against them.
 
 
 26
 WE WILL make Alan C. Lupien whole for any loss of pay and benefits resulting from his discharge, less any net interim earnings, plus interest.
 
 
 27
 WE WILL, on request, furnish the Union information that is relevant and necessary to its role as exclusive bargaining representative of the unit employees.
 
 
 28
 MOBILE HOME ESTATES, INC.
 
 
 29
 (Employer)
 
 
 30
 Dated ____________ By ______________________________
 
 
 31
 (Representative)
 
 
 32
 (Title)
 
 
 33
 This is an official notice and must not be defaced by anyone.
 
 
 34
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1240 E 9th Street, Room 1695, Cleveland, Ohio 44199-2086, Telephone 216--522--3715.